# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
JOHN S. KAMINSKI,             :
     Petitioner               :   Civ. No. 3:21CV00394(SALM)
                              :
v.                            :
                              :
COMMISSIONER OF CORRECTION,   :
     Respondent               :   July 26, 2022
                              :
------------------------------x
```

## RULING ON MOTION TO DISMISS [Doc. #15]

Petitioner, John S. Kaminski ("Kaminski" or "petitioner"), proceeding as a self-represented party, filed a petition for writ of habeas corpus challenging his convictions in Connecticut Superior Court. Respondent, Commissioner of Correction, filed a motion to dismiss the petition as untimely pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Doc. #15. For the reasons set forth herein, respondent's motion to dismiss [**Doc. #15**] is **GRANTED**.

I.    **PROCEDURAL HISTORY**

      A.    **Conviction and Direct Appeal**

On February 14, 2006, following "conditional pleas of nolo contendere pursuant to [Connecticut] General Statutes §54-94a," petitioner was convicted "of six counts of sexual assault in the first degree in violation of [Connecticut] General Statutes §53a-70(a)(2)." State v. Kaminski, 940 A.2d 844, 846 (Conn. App.

2008). On April 11, 2006, petitioner was sentenced "to a total effective term of fifty years imprisonment, execution suspended after twenty-five years, twenty years of which is the mandatory minimum time, followed by twenty-five years of probation." Id. at 849.

Kaminski appealed his conviction, claiming

> that the court improperly (1) determined that the warrant to search his apartment did not lack probable cause, (2) denied his motion to suppress all of the evidence seized under the search warrant, (3) made a determination that was beyond the scope allowed under the circumstances of the case and (4) denied his request for a Franks [v. Delaware, 438 U.S. 154 (1978),] hearing.

Id. at 846. The Connecticut Appellate Court affirmed the conviction. See id. Kaminski's petition for certification to the Connecticut Supreme Court was denied on May 13, 2008. See State v. Kaminski, 950 A.2d 1286 (Conn. 2008). Kaminski did not petition the United States Supreme Court for review.

**B.   Petitions for Writ of Habeas Corpus in State Court**

On February 9, 2011, Kaminski filed a petition for writ of habeas corpus in the Superior Court for the Judicial District of Tolland. See Kaminski, #241124 v. Warden, State Prison, No. TSR-CV11-4004011-S (Conn. Super. Ct. Feb. 9, 2011).[1] The petition was

---

[1] For purposes of this Ruling, the Court takes judicial notice of the dockets in Kaminski's petitions for writ of habeas corpus in the Connecticut Superior Court, which the Court has accessed at https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV114004011S and

denied on July 8, 2014. See Kaminski v. Warden, State Prison,
No. TSR-CV11-4004011-S, 2014 WL 3906515, at *1 (Conn. Super. Ct.
July 8, 2014). Kaminski appealed that ruling. See Kaminski,
#241124 v. Warden, State Prison, No. TSR-CV11-4004011-S, Entry
No. 126.00 (Conn. Super. Ct. May 27, 2014). Kaminski
subsequently withdrew that appeal. See id. at Entry No. 130.00
(Aug. 6, 2014).[2]

---

https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx
?DocketNo=TSRCV144006234S. See Kramer v. Time Warner Inc., 937
F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial
notice of documents filed in other courts, ... not for the truth
of the matters asserted in the other litigation, but rather to
establish the fact of such litigation and related filings.").

[2] Because Kaminski withdrew his appeal to the Connecticut
Appellate Court, he did not exhaust his state court remedies.
"AEDPA requires state prisoners to exhaust the remedies
available in the courts of the State before seeking federal
habeas relief. Ordinarily, a state prisoner satisfies
this exhaustion requirement by raising his federal claim before
the state courts in accordance with state procedures." Shinn v.
Ramirez, 142 S. Ct. 1718, 1732 (2022) (citation and quotation
marks omitted); see also Rhines v. Weber, 544 U.S. 269, 274
(2005) ("AEDPA preserved [Rose v. ]Lundy's total exhaustion
requirement[.]" (citing 455 U.S. 509 (1982)). Under the AEDPA,
petitioner "shall not be deemed to have exhausted the remedies
available in the courts of the State, within the meaning of this
section, if he has the right under the law of the State to
raise, by any available procedure, the question presented." 28
U.S.C. §2254(c). Appeal to the Connecticut Appellate Court, and
the Connecticut Supreme Court, are remedies available in
Connecticut state courts. By failing to pursue his appeal,
petitioner did not exhaust his state court remedies. Where a
petitioner has not exhausted his state court remedies, his
petition must be dismissed. See, e.g., Zarvela v. Artuz, 254
F.3d 374, 380 (2d Cir. 2001), as amended (June 26, 2001), as
amended (Aug. 17, 2001). Accordingly, even if Kaminski's claim
were timely, it would be subject to dismissal for failure to
exhaust his state court remedies.

On May 20, 2014, Kaminski filed a second petition for writ
of habeas corpus in the Superior Court for the Judicial District
of Tolland. See Kaminski, John Stanley #241124 v. Warden, State
Prison, No. TSR-CV14-4006234-S (Conn. Super. Ct. May 20, 2014).
Kaminski's petition presented the Connecticut Superior Court
with

> four "questions for review" for the habeas court: (1)
> that documents filed by appellate counsel and first
> habeas counsel must be expunged from the record under
> the "fruit of the poisonous tree" doctrine because they
> arise from a nolled initial case; (2) the petitioner's
> convictions are void as a result of incompetent counsel
> (i.e., ineffective assistance of counsel); (3) that the
> nolle of the initial case is legally defective because
> the petitioner and his attorney were not present when
> the prosecutor entered the nolle into the record; and
> (4) that the prosecutor engaged in improprieties and/or
> abused his discretion.

Kaminski v. Comm'r of Correction, No. TSR-CV14-4006234-S, 2019
WL 6880459, at *1 (Conn. Super. Ct. Nov. 18, 2019). The
Connecticut Superior Court explicitly found that petitioner was
"not directly challenging his convictions." Id. at *7.
"Instead," the Court found that petitioner "allege[d] that the
search warrant for the initial case was a ruse to illegally
obtain the evidence that later formed the bases for his nolo
contendere please in the subsequent cases." Id. The Court denied
petitioner's second claim, and dismissed "claims one, three, and
four" because they "fail[ed] to state a claim for which habeas
corpus relief can be granted." Id. at *9.

Kaminski appealed that ruling, and the Connecticut Appellate Court affirmed the trial court's decision in a summary, per curiam decision. See Kaminski v. Comm'r of Correction, 242 A.3d 1083 (Conn. App. 2021). The Connecticut Supreme Court denied Kaminski's petition for certification on February 9, 2021. See Kaminski v. Comm'r of Correction, 245 A.3d 424 (Conn. 2021).[3]

**C.   Petition for Writ of Habeas Corpus in Federal Court**

Kaminski filed this petition on March 23, 2021. See Doc. #1. On that same date, petitioner filed a motion for leave to proceed in forma pauperis, see Doc. #2, which was granted. See Doc. #7. On June 11, 2021, then-presiding Judge Stefan R. Underhill directed respondent "to file a response" to Kaminski's petition "on or before 8/16/2021[.]" Doc. #8. On October 7, 2021, after having received two extensions of time, see Docs. #13, 26, respondent filed a Motion to Dismiss. See Doc. #15.

---

[3] Kaminski filed two other petitions in Connecticut Superior Court that are wholly unrelated to his conviction. See Kaminski v. Comm'r of Correction, No. TSR-CV17-4008712-S, 2018 WL 1768622, at *1 (Conn. Super. Ct. Mar. 16, 2018) (seeking to raise a conditions of confinement claim: "The petitioner claims that the Department of Correction ... promulgates directives that in turn rely on and cite to other authorities (e.g., American Correctional Association, or ACA) and their standards. The essence of the petitioner's claim is that DOC does not have, or make available to inmates, copies of the manuals containing these standards."; Kaminski, John Stanley Jr #241124 v. Comm'r of Correction, TSR-CV21-5001022-S (Conn. Super. Ct. June 24, 2021) (relating exclusively to petitioner's medical care).

Between October 7, 2021, and December 13, 2021, petitioner filed a Notice and various motions, presumably in response to respondent's motion to dismiss. See Docs. #17, #18, #20, #21, #22, #23, #24. On January 4, 2022, this matter was transferred to the undersigned "for all further proceedings." Doc. #25. Since that date, petitioner has continued to file various motions and other documents that appear to be addressed to respondent's motion to dismiss. See Docs. #31, #33, #34, #35, #37, #39, #40, #41, #43.

## II.  APPLICABLE LAW -- TIMELINESS

The AEDPA "restricts the ability of prisoners to seek federal review of their state criminal convictions." Smith v. McGinnis, 208 F.3d 13, 15 (2d Cir. 2000). Pursuant to the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. §2244(d)(1). That one-year period runs from the later of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.

Id. Where, as here, the petition is "based on law existing at the time of the conviction," application of subsection A is appropriate, and the limitations period starts "from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" Williams v. Artuz, 237 F.3d 147, 150 (2d Cir. 2001) (quoting 28 U.S.C. §2244(d)(1)(A)). "[D]irect review, as used in Section 2244(d)(1)(A), refers to direct review by both the state courts and the United States Supreme Court, so that a petitioner's conviction becomes final for AEDPA purposes when his time to seek direct review in the United States Supreme Court by writ of certiorari expires." Id. (citation and quotation marks omitted).

## III. DISCUSSION

Respondent asserts that this "petition should be dismissed because it was untimely filed after the expiration of the one-year statute of limitation period which applies to the filing of an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court." Doc. #16 at 2. Respondent asserts that the AEDPA's period of limitations began to run on August 11, 2008, when the time for Kaminski to petition the United States Supreme Court, after his direct appeals, expired. See id. at 13. The Court has reviewed all of

petitioner's filings.[4] Petitioner's position appears to be that his petition is not time-barred because the relevant time period began to run after the Connecticut Supreme Court denied his petition for certification on February 9, 2021, relating to his second habeas petition in state court. See Doc. #20 at 1, 2; Doc. #21 at 2; Doc. #22 at 2; Doc. #24 at 4; Doc. #40 at 2.[5]

---

[4] The District of Connecticut Local Rules provide that "all opposition memoranda shall be filed within twenty-one (21) days of the filing of the motion," D. Conn. L. Civ. R. 7(a)(2), and "[n]o sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission upon a showing of good cause." D. Conn. L. Civ. R. 7(d). However, in accordance with the principle that "in a pro se case, the court must view the submissions by a more lenient standard than that accorded to formal pleadings drafted by lawyers[,]" the Court has reviewed the entirety of petitioner's submissions to ascertain his complete response to the motion to dismiss. Govan v. Campbell, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (citation and quotation marks omitted). Petitioner is advised that failure to comply with the Local and Federal Rules in the future may not be excused.

[5] The Court notes that, throughout his filings, petitioner makes several arguments relating to the substance of his habeas claim and whether the Court can rely on information he alleges has been "expunged." See, e.g., Doc. #23 at 3; Doc. #24 at 2. Petitioner appears to argue that, without this alleged "expunged" information, the State would not have enough evidence to maintain his conviction. See, e.g., Doc. #31 at 2. Petitioner asserts that the filing of a motion to dismiss was "insufficient" and "asks that the RESPONDANT counsel be instructed to file a legally responsive answer, one that does not expose and use nolled and expunged information[.]" Doc. #43 at 3 (sic). The Court does not reach the merits of these arguments because Court's inquiry on the motion to dismiss, at this stage, is limited to whether Kaminski's petition was procedurally proper. The Court does not reach the substance of his petition at this stage. Respondent's motion to dismiss is not an "insufficient" response to the petition. Rather, as petitioner has been advised: "A Motion to Dismiss is a

**A.    Timeliness**

The Court finds that the AEDPA clock began to run on August 11, 2008. Kaminski took a direct appeal shortly after his sentencing, and his petition for certification to the Connecticut Supreme Court was denied on May 13, 2008. See State v. Kaminski, 950 A.2d 1286 (Conn. 2008). Kaminski had ninety days from that date to petition the United States Supreme Court for review, that is, until August 11, 2008. See Rivera v. Clinton Corr. Facility, 590 F. App'x 93, 95 n.2 (2d Cir. 2015) (Petitioner's "conviction became final ninety days after the Court of Appeals denied his leave to appeal[.]"); Sup. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals ... is timely when it is fled with the Clerk of this Court within 90 days after entry of the judgment."). Thus, petitioner had until August 11, 2009,[6] to file

_____

reasonable and appropriate response to the Order to Show Cause." Doc. #29. Dismissal of a petition for writ of habeas corpus is appropriate where the petition is untimely. See, e.g., Hughes v. Irvin, 967 F. Supp. 775, 777 (E.D.N.Y. 1997) (considering a motion to dismiss where "[r]espondent d[id] not address the merits of petitioner's claims, but urge[d] the Court to dismiss Hughes' petition as untimely").

[6] The one-year "timeliness provision in the federal habeas corpus statute is subject to equitable tolling." Holland v. Fla., 560 U.S. 631, 634 (2010) (citation and quotation marks omitted). "[A] petitioner is entitled to equitable tolling only if he

a petition for writ of habeas corpus in federal court pursuant to 22 U.S.C. §2254. This petition was filed on March 23, 2021, see Doc. #1, and is therefore untimely.

**B.   The 2014 Habeas Petition**

Nonetheless, petitioner maintains that the AEDPA clock began to run when the Connecticut Supreme Court denied his petition for certification on February 9, 2021, relating to the second petition for writ of habeas corpus that he filed in Connecticut Superior Court on May 20, 2014 (the "2014 Petition"). See Doc. #20 at 1, 2; Doc. #21 at 2; Doc. #22 at 2; Doc. #24 at 4; Doc. #40 at 2; see also State v. Kaminski, 245 A.3d 424 (Conn. 2021). Kaminski appears to assert that he

---

shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (citation and quotation marks omitted). Petitioner does not assert that he was entitled to equitable tolling, nor would he be able to. There is no indication that, during the one-year period from August 11, 2008, to August 11, 2009, Kaminski was "pursuing his rights diligently[.]" Id. (citation and quotation marks omitted) Kaminski's first petition for writ of habeas corpus was filed on February 9, 2011, showing that Kaminski's first attempt to pursue his rights was well over a year after the AEDPA clock had already run. See Kaminski, #241124 v. Warden, State Prison, No. TSR-CV11-4004011-S (Conn. Super. Ct. Feb. 9, 2011). Similarly, petitioner has not shown that any "extraordinary circumstance ... prevented timely filing." Holland, 560 U.S. at 649 (citation and quotation marks omitted). In fact, petitioner was actively filing documents in this Court in a 42 U.S.C. §1983 action during the time the AEDPA clock was running, demonstrating that there were no circumstances preventing him from filing in this Court. See, e.g., Kaminski v. Hayes, et al., No. 3:06CV01524(CFD), Doc. #41 (D. Conn. Sept. 12, 2008).

exhausted his state remedies by pursuing the 2014 Petition, thereby re-starting the AEDPA clock. Respondent argues that, in cases "where the original sentence is left undisturbed, the 'judgment' by which the petitioner is in custody remains final as of the date of the ... original sentence." Doc. #16 at 14.

The Court in Jones v. Lantz thoroughly addressed this question. See No. 3:07CV01040(MRK), 2009 WL 82507 (D. Conn. Jan. 9, 2009). In Jones, petitioner was sentenced on January 19, 1993; he filed a motion to correct an illegal sentence on February 5, 1993; and the Connecticut Appellate Court ultimately affirmed his conviction and sentence on February 1, 1994. See id. at *1. Jones did not file a petition for writ of habeas corpus in state court until July 25, 2001. See id. at *2. That petition was denied, and petitioner filed a second motion to correct an illegal sentence, which was again denied. See id. Ultimately, the Connecticut Supreme Court denied certification as to the second motion to correct on February 13, 2007. See id. Petitioner then filed his "application for federal habeas relief[]" on July 9, 2007, asserting "that the relevant date for determining the timeliness of his federal habeas petition [was] February 13, 2007, the date on which the Connecticut Supreme Court denied his petition for certification[.]" Id.

The Court disagreed, holding that the "'judgment which holds the petitioner in confinement' is the original 1993

judgment of sentence." Id. at *5. The Court went on to explain "that if the Superior Court had re-sentenced [petitioner] upon the filing of his second motion to correct, his new sentence would become the relevant date for purposes of the AEDPA limitations period." Id. (emphasis added). However, because petitioner's original sentence was not disturbed, and "the state court refused to revisit its prior ruling and re-sentence" petitioner, "the judgment by which he is held in custody remains undisturbed." Id. at *6.

Here, as in Jones, Kaminski's original sentence was not disturbed by any of the state court actions between his original sentence date of April 11, 2006, and the date he filed this petition, March 23, 2021. Thus, the relevant date for determining the timeliness of this petition remains August 11, 2008, when the time for Kaminski to petition the United States Supreme Court expired. Accordingly, the time for Kaminski to file a petition for writ of habeas corpus in federal court expired on August 11, 2009, one year later. See 28 U.S.C. §2244(d)(1).

> The 1-year limitation period of §2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments. This provision reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review.

Duncan v. Walker, 533 U.S. 167, 179 (2001) (citation omitted).

"Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review." <u>Rhines</u>, 544 U.S. at 278. Kaminski's position, if accepted, would undermine the AEDPA's goal of finality. Petitioner "had ample opportunity to challenge his sentence in federal court by way of a federal habeas petition. For whatever reason, he chose not to do so until over fourteen years after his original sentence was imposed." <u>Jones</u>, 2009 WL 82507 at *6.

## C.   Certificate of Appealability

Pursuant to 28 U.S.C. §2253, petitioner may not appeal this ruling "[u]nless a circuit justice or judge issues a certificate of appealability[.]" 28 U.S.C. §2253(c)(1). "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

Because the Court denies Kaminski's petition on procedural grounds, it must apply the "two-component ... formulation" set forth in <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). <u>Moshier v. United States</u>, 402 F.3d 116, 118 (2d Cir. 2005) (citing <u>Bethea v. Girdich</u>, 293 F.3d 577, 577-78 (2d Cir. 2002)).

Pursuant to <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000), when a district court denies a [federal habeas petition] on procedural grounds, a certificate of appealability may issue only upon a showing that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack makes it clear that this formulation allows and encourages the court to first resolve procedural issues.

Id. at 117-18 (citations and quotation marks omitted).

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484. Here, no "reasonable jurist" could conclude that Kaminski's petition was timely, because it was filed nearly twelve years after the deadline for him to file a federal habeas petition pursuant to the AEDPA. "Because it is not debatable that" Kaminski's petition is "untimely, no certificate of appealability may issue[,]" and the Court does not need to determine whether the petition states a "valid claim[.]" Moshier, 402 F.3d at 118. However, the Court notes that petitioner had two unsuccessful adjudications of his habeas petition in state court, casting serious doubts on the substantive merits of his petition.

Thus, "no appeal [is] warranted." Slack, 529 U.S. at 484; see also Jones, 2009 WL 82507, at *8; Carpenter v. Comm'r of Correction, No. 3:17CV01292(VLB), 2018 WL 3626322, at *4 (D.

Conn. July 30, 2018). Accordingly, the Court will not issue a certificate of appealability.

**IV.   CONCLUSION**

Because Kaminski did not file his petition for writ of habeas corpus in federal court prior to the deadline of August 11, 2009, his petition is time-barred. Accordingly, respondent's Motion to Dismiss [**Doc. #15**] is **GRANTED.**

The Clerk shall close this case.

It is so ordered at Bridgeport, Connecticut, this 26th day of July, 2022.

\_\_\_\_\_/s/_____
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE
